Defendant and Third-Party Plaintiff-Appellant, v. LAFAYETTE FIRE SPRINKLER CORP., Third-Party Defendant-Respondent. LAFAYETTE FIRE SPRINKLER CORP., Fourth-Party Plaintiff-Respondent, v. JOHN SCOTTI & SONS, INC., et al., Fourth-Party Defendants-Respondents.— Order, Supreme Court, New York County, entered November 28, 1972, unanimously reversed, on the law, and defendant-appellant's motion for summary judgment dismissing the complaint granted, and the complaint dismissed. Defendant-appellant shall recover of plaintiff-respondent $60 costs and disbursements of this appeal. Suit is upon a policy of insurance for water damage. This is not an all-risk policy. Under the heading "losses not covered" it provides that loss or damage is not insured if resulting from "earthquake and flood, except while in transit or custody of common carrier, but this exclusion shall not apply to loss or damage caused by ensuing fire, theft or explosion not otherwise excluded by this Policy. The term flood will include inundation, surface waters, waves, tide or tidal waters, the rising, overflowing or breakage of boundaries of lakes, ponds, reservoirs, rivers, harbors, streams and similar bodies of water, including the backing up of sewers and drains resulting from any of the foregoing, all whether wind driven or not". The policy goes on to exclude "seepage, leakage or influx of water derived from natural sources through basement walls, including doors, windows and other openings therein, foundations, and basement floors, sidewalks or sidewalk lights, unless caused by or resulting from a peril not otherwise excluded." The damage sued for resulted from an opening in the basement wall, made by workmen; the water derived from rain, certainly a natural source. Defendant's version of the source of the water stands uncontradicted. The policy does not cover the loss, and defendant is obviously not liable thereunder. Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARY JONES, Appellant. Judgment of Supreme Court, New York County, rendered November 16, 1972, convicting defendant of manslaughter in the second degree upon defendant's plea of guilty, and sentencing defendant to an indeterminate prison term not to exceed 10 years, unanimously modified, in the exercise of discretion, by reducing the sentence to a period not to exceed seven years and six months; and as so modified, the judgment is affirmed. Under the circumstances of this case, it is our opinion that the sentence was excessive to the extent indicated herein. Concur — Markewich, J. P., Nunez, Murphy and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL J. BARTOLI, Appellant.— Judgment of Supreme Court, New York County, rendered November 16, 1972, convicting defendant of manslaughter in the second degree upon defendant's plea of guilty, and sentencing defendant to an indeterminate prison term not to exceed 10 years, unanimously modified, in the exercise of discretion, by reducing the sentence to a period not to exceed seven years and six months; and as so modified, the judgment is affirmed. Under the circumstances of this case, it is our opinion that the sentence was excessive to the extent indicated herein. Concur — Markewich, J. P., Nunez, Murphy and Steuer, JJ.

■ TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent, v. JOEL GRIFFITHS, Appellant.— Order of the Appellate Term of the Supreme Court, First Department, entered on May 17, 1973, affirming, by a divided court, a judgment of the Civil Court, New York County, entered on November 2, 1972, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated and the landlord's petition dismissed. Inasmuch as the parol evidence offered did not contradict the lease